*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* K. PIRTLE, Minor.

UNPUBLISHED
October 8, 2019

No. 347737
Jackson Circuit Court
Family Division
LC No. 18-000174-NA

Before: REDFORD, P.J., and JANSEN and LETICA, JJ.

PER CURIAM.

Respondent-father appeals as of right the trial court's order terminating his parental rights to the minor child, KP, under MCL 712A.19b(3)(c)(*i*) (conditions at adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (likelihood that the child will be harmed if returned to the parent). On appeal, respondent argues that the trial court erred in finding that there were statutory grounds supporting termination of his parental rights and that termination was in KP's best interests. We affirm.

## I. STATUTORY GROUNDS

Respondent first argues that the trial court erred in finding that there were statutory grounds to terminate his parental rights. We disagree.

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). This Court reviews "the trial court's findings of fact under the clearly erroneous standard." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009); see also MCR 3.977(K). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). This Court is "obliged to defer to a trial court's factual findings at termination proceedings if those findings do not constitute clear error." *In re Rood*, 483 Mich 73, 90; 763 NW2d 587 (2009) (opinion by CORRIGAN, J).

In this case, respondent's parental rights were terminated under MCL 712A.19b(3)(c)(*i*), (g), and (j), which provide:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

At the outset, respondent's argument that the trial court applied the incorrect burden of proof is without merit. The trial court clearly stated that the appropriate standard was clear and convincing evidence. Further, regardless of the trial court's limited articulation of the clear-and-convincing standard, it correctly determined that statutory grounds for termination were established by clear and convincing evidence. The dispositional order was entered on May 21, 2018, and the termination hearing occurred on February 5, 2019. Therefore, more than 182 days had elapsed since the issuance of the initial dispositional order. MCL 712A.19b(3)(c). The basis for adjudication was that respondent could not provide proper care or custody of KP because he was incarcerated when KP's mother passed away. Respondent was ordered to participate in services, including a parenting class, a psychological evaluation, and substance abuse treatment. However, by the time of the second termination hearing, which occurred eight months after disposition, respondent had not successfully completed any services. Respondent was repeatedly incarcerated for parole violations, he was discharged from a rehabilitation program for fighting with another inmate, and he had five positive drug screens. He was incarcerated again at the time of the termination hearing for yet another parole violation, and he was awaiting sentencing for tampering with an electronic monitoring device. In sum, after KP had been in care for over one year, respondent was still incarcerated and had not completed any services.

Further, it was unlikely that KP could be returned to respondent's care within a reasonable time considering his young age. Respondent's release date was unknown at the

termination hearing, and the caseworker opined that respondent would need to show six months of sobriety after his release before petitioner would consider unsupervised visits. On appeal, respondent argues that this requirement was unfounded; however, considering respondent's history of parole violations and positive drug screens, respondent has not shown that this request was unreasonable. Ultimately, respondent was in the exact situation he was in at the time of adjudication, having made no meaningful progress in regard to the case service plan after several months. As a result, the trial court did not clearly err in finding that termination was appropriate under MCL 712A.19b(3)(c)(*i*) and (g). See *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009) (stating that termination is appropriate under MCL 712A.19b(3)(c)(*i*) when the respondent parent has "not accomplished any meaningful change in the conditions existing by the time of the adjudication"). See also *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014) (stating that "[a] parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide a child proper care and custody"). And because the trial court did not clearly err with respect to these statutory grounds, we need not address the additional ground upon which the trial court based its decision. *In re HRC*, 286 Mich App at 461.

## II. BEST INTERESTS

Next, respondent argues that the trial court erred in concluding that termination was in the child's best interests. We disagree.

"[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). This Court reviews the trial court's decision regarding the child's best interest for clear error. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App at 296-297. This Court is "obliged to defer to a trial court's factual findings at termination proceedings if those findings do not constitute clear error." *In re Rood*, 483 Mich at 90 (opinion by CORRIGAN, J.).

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App at 40. When the trial court considers a child's best interests, the focus must be on the child and not the parent. *In re Moss*, 301 Mich App at 87-88. "The trial court should weigh all the evidence available to determine the [child's] best interests." *In re White*, 303 Mich App at 713. "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App at 41-42 (citations omitted). A trial court can also consider the length of time the child is in foster care or placed with relatives and whether it is likely that "the child could be returned to [the parent's] home within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012).

In this case, the trial court did not question respondent's love for his child, but ultimately concluded that respondent could not properly care for KP because respondent could not stay out

of prison or jail. The trial court explained that KP required permanency and stability. Recognizing that KP and his half sister were placed with their maternal aunt, the trial court opined termination was proper because KP was happy and safe in placement with his aunt, who wished to adopt him.

The trial court's ruling was not clearly erroneous. Respondent had failed to make any progress in services and he was again incarcerated at the time of the termination hearing. The length of respondent's continued incarceration was unknown, as he was also awaiting sentencing for removing his electronic tether. Even after his release, respondent would still have to maintain sobriety for at least six months before petitioner would consider unsupervised visits, let alone final reunification. In addition, respondent would need to secure appropriate housing and gainful employment. The uncertainty about respondent's release and the time it would take to reach reunification interfered with KP's ability to achieve permanency, stability, and finality. Furthermore, the caseworker testified that KP was happy and "doing amazing" in his placement. KP was meeting all developmental milestones and shared a close bond with his aunt and her family. On this record, the trial court did not clearly err in determining that termination of respondent's parental rights was in KP's best interests.

Affirmed.

/s/ James Robert Redford
/s/ Kathleen Jansen
/s/ Anica Letica